593 A.2d 4

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 13, AFL–CIO, by its Trustee Ad Litem, Edward J. KELLER, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1990.

Decided June 5, 1991.

Stuart W. Davidson, Philadelphia, for petitioner.

John B. Neurohr, Harrisburg, for respondent.

Before SMITH and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

The American Federation of State, County and Municipal Employees, AFL–CIO (AFSCME) appeals from an order of the Pennsylvania Labor Relations Board (PLRB) denying AFSCME's request to represent the Commonwealth's Waterways Conservation Officers (WCOs)[1] as "police" for purposes of collective bargaining pursuant to the Policemen and Firemen Collective Bargaining Act, Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10 (commonly referred to as Act 111). We affirm.

---

**1.** WCOs operate under the Pennsylvania Fish Commission and are appointed pursuant to section 304(a) of the Fish and Boat Code, 30 Pa.C.S. § 304(a).

## PROCEDURAL HISTORY

AFSCME filed a petition for representation pursuant to Act 111 alleging that a question had arisen concerning the representation of WCOs as "police." [2] AFSCME already had been certified as exclusive representative of WCOs pursuant to the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §§ 1101.101–1101.2301 (PERA). The PLRB, therefore, was required to determine whether WCOs were "police" as defined in Act 111.

The PLRB issued a letter declining to direct a hearing on AFSCME's petition. The secretary determined that WCOs are not covered by Act 111, based upon section 304(b) of the Fish and Boat Code, 30 Pa.C.S. § 304(b), which states:

This title does not change the status of waterways patrolmen for the purpose of [PERA] or cause waterways patrolmen to be considered policemen for the purpose of [Act 111]. . . .

AFSCME filed exceptions, and the PLRB remanded to the secretary for further proceedings. By agreement of the parties, the hearing was bifurcated in order to decide the question of whether WCOs are "police" within the meaning of Act 111 before determining the appropriateness of the proposed bargaining unit.

The hearing examiner determined that WCOs are police within the meaning of Act 111. Thereafter, the parties stipulated that the bargaining unit would consist of all full-time and regular part-time WCOs, excluding managerial employees. After a proper election, a PLRB representative certified AFSCME as exclusive representative of WCOs for purposes of collective bargaining under Act 111.

The Commonwealth filed exceptions. The PLRB sustained the exceptions, dismissing AFSCME's petition for representation. The PLRB recognized that the WCOs do effectively act as policemen in the normal course of their duties but concluded that WCOs are not legislatively autho-

2. The WCOs, for the purposes of this opinion, also include assistant regional supervisors of the Fish Commission.

rized to act as police, based solely on section 304(b) of the Fish and Boat Code.

## ACT 111

Section 1 of Act 111 provides:

> Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers....

43 P.S. § 217.1.

■ "While granting bargaining rights to police personnel in the Commonwealth, Act 111 fails to define who is or is not a policeman within the meaning of Act 111." *Commonwealth v. Pennsylvania Labor Relations Board (Park Rangers)*, 125 Pa.Commonwealth Ct. 549, 552, 558 A.2d 581, 583 (1989). To establish whether or not certain employees are "police" within the meaning of Act 111, the PLRB and the courts apply a two-part test that requires the particular employees (1) be legislatively authorized to act as police, and (2) effectively act as police. *Commonwealth v. Pennsylvania Labor Relations Board (Capitol Police)*, 64 Pa.Commonwealth Ct. 525, 441 A.2d 470, *aff'd in part, rev'd in part*, 502 Pa. 7, 463 A.2d 409 (1983); *Venneri v. County of Allegheny*, 12 Pa.Commonwealth Ct. 517, 316 A.2d 120 (1974). The Supreme Court has recognized the PLRB's jurisdiction over Act 111 representation cases and has emphasized the danger of substituting the judgment of a court for the expert and specialized administrative judgment of the PLRB. *Philadelphia Fire Officers v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977).

## ANALYSIS

■ The parties agree that WCOs meet the second part of the test of *Capitol Police* and effectively act as police.

AFSCME argues that the PLRB erred as a matter of law in concluding that WCOs do not meet the first part of the *Capitol Police* test because they are not legislatively authorized to act as police.[3] At this point our analysis of this case diverges from that of the PLRB. We conclude that WCOs are legislatively authorized to act as police, but they nevertheless are legislatively excluded from coverage under Act 111 by reason of section 304(b) of the Fish and Boat Code.

Section 901(a)(12) of the Fish and Boat Code, 30 Pa.C.S. § 901(a)(12), empowers the Fish Commission's executive director to grant WCOs the authority to act as police, in that they may "pursue, apprehend, or arrest any individual suspected of violating any provision of Title 18 (relating to crimes and offenses). . . ." Pursuant to this legislation, the Fish Commission's regulation at 58 Pa.Code § 51.13 grants police authority to WCOs.[4]

**3.** Our scope of review from an adjudication of a Commonwealth agency is limited to a determination of whether constitutional rights have been violated, an error of law has been committed and whether factual findings necessary to support the adjudication are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Harbaugh v. Pennsylvania Labor Relations Board*, 107 Pa.Commonwealth Ct. 406, 528 A.2d 1024 (1987).

**4.** § 51.13. Violations.

Waterways conservation officers may, subject to the limitations set forth in §§ 51.11 and 51.12 (relating to general and procedures), only act in cases of violations of the following provisions that *occur in their presence:*

(1) 18 Pa.C.S. (relating to Crimes Code):

*Chapters*

9 Inchoate Crimes.

25 Criminal Homicide.

27 Assault.

30 Kidnapping.

31 Sexual Offenses.

33 Arson, Criminal Mischief and Other Property Destruction.

35 Burglary and Intrusion.

37 Robbery.

39 Theft and Related Offenses, limited to violations of section 3921, 3924, 3925, 3928, and 3929 only.

41 Forgery and Fraudulent Practices, limited to sections 4104 and 4105.

47 Bribery and Corrupt Influence.

49 Falsification and Intimidation.

Section 902 of the Fish and Boat Code, 30 Pa.C.S. § 902,[5] authorizes WCOs to enforce all other laws of the Commonwealth as well as rules and regulations, relating to game, parks and forestry, under the direction of the Pennsylvania Game Commission and Department of Environmental Resources.

The Supreme Court's decision in *Capitol Police* supports the conclusion that WCOs are legislatively authorized to act as police. There, the Commonwealth argued that insufficient legislative grant of power existed to sustain the test that the capitol police were legislatively authorized to act as police. Although the capitol police were not specifically afforded Act 111 status in any legislation, the Supreme Court affirmed our holding that section 2416(e) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 646(e),[6] was a sufficient grant of

51 Obstructing Government Operations, limited to sections 5101–5102; 5104–5105, 5121, 5124, 5125 only.
55 Riot, Disorderly Conduct and Related Offenses, limited to sections 5501–5511 only.
59 Public Indecency, limited to section 5901 only.
61 Uniform Firearms Act.
63 Minors, limited to section 6308 only.
65 Nuisances.
(2) The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780–101–780–144).
(3) Vehicle Code (75 Pa.C.S.): sections 3731, driving under influence; 3732, homicide by vehicle; 3742, accident involving death or personal injury.
(4) The Solid Waste Management Act (35 P.S. §§ 6018.101–6018.-1003), limited to misdemeanors and felonies.
(5) The Clean Streams Law (35 P.S. §§ 691.1–691.1001), limited to misdemeanors.

5. Section 902 of the Fish and Boat Code states:
All waterways patrolmen and deputy waterways patrolmen are authorized to enforce all the laws of this Commonwealth, and rules and regulations promulgated thereunder, relating to game, parks and forestry, under the direction of the Pennsylvania Game Commission and of the Department of Environmental Resources, respectively.

6. Section 2416(e) of the Administrative Code specifically authorizes the capitol police to exercise:
the same powers as are now or may be hereafter exercised under authority of law or ordinance by the police of the cities of Harris-

police powers to confer "police" status for purposes of Act 111.

Our decision in *Park Rangers* also supports the conclusion that WCOs are legislatively authorized to act as police. We relied on section 1906–A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 510–6(7),[7] as demonstrating the legislature's broad grant of authority to park rangers and held that they should be considered "police" for Act 111 purposes.

Because of the description of reciprocal duties of forest, fish and game offices set forth in the Act of April 21, 1915, P.L. 156, *as amended,* 71 P.S. § 766,[8] WCOs are granted the same "police" duties as park rangers.

burg, Pittsburgh and Philadelphia [and] municipalities in Dauphin County wherein state buildings are located....

7. Section 1906–A of the Administrative Code states in part as follows: The Department of Environmental Resources shall have the powers and its duty shall be:

\* \* \* \* \* \*

(7) to appoint persons to preserve order in the state parks, which person shall have all of the following powers:
(a) to make arrests without warrant for all violations of the law which they may witness and to serve and execute warrants issued by the proper authorities: Provided, however, that in cases of offense for violations of any other provision of the Vehicle Code, the power to make arrests without warrant shall be limited to cases where the offense is designated a felony or misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person;
(b) to have all the powers and prerogatives conferred by law upon members of the police force of the cities of the first class;
(c) to have all the powers and prerogatives conferred by law upon constables of the Commonwealth;
(d) to serve subpoenas issued for any examination, investigation or trial had pursuant to any law of the Commonwealth.

8. In this Act, the legislature established the reciprocal duties of forest, fish and game officers as follows:
From, and after the approval of this act, it shall be the duty of each forester and forest ranger in this Commonwealth to enforce all the laws relating to forestry, fish, and game; it shall be the duty of every game-protector, or special deputy game-protector, commissioned in this Commonwealth, to enforce all the laws relating to fish, game, and forestry; it shall be the duty of every fish-warden or deputy fish-warden, commissioned in this Commonwealth, *to enforce all the laws relating to game, fish, and forestry,* under the

Although WCOs effectively act as "police" and have the same type of broad authority as the employees in *Park Rangers* and *Capitol Police*, there is one very significant distinction; section 304(b) of the Fish and Boat Code, 30 Pa.C.S. § 304(b), applies to WCOs. The legislature in section 304(b) specifically stated that the act would not cause WCOs "to be considered policemen for the purposes of [Act 111]...."

AFSCME's argument that section 304(b) merely "is a recognition that the mere legislative grant of police authority standing alone shall not cause the employees to be considered police under Act 111," is without merit. (AFSCME brief, 21). This contention is contrary to the rule of statutory construction that every word, sentence, or provision of a statute is intended for some purpose and must be given effect. 1 Pa.C.S. § 1921(a); *Commonwealth v. Lobiondo*, 501 Pa. 599, 462 A.2d 662 (1985). The PLRB does not require a specific legislative grant of Act 111 status, but where, as here, the legislature has expressed specifically in 30 Pa.C.S. § 304(b) that WCOs are not to be afforded Act 111 rights, legislative intent controls. 1 Pa. C.S. § 1921.

There is a disparity in treatment of WCOs for Act 111 purposes which might be difficult to justify. It would appear logical for WCOs to be treated the same as park rangers for purposes of Act 111. Nevertheless, we are faced with a deliberate legislative judgment to exclude WCOs from the benefits of Act 111. That is a judgment we

direction of that department or commission into whose special care the interests of these several subjects have been entrusted, namely: All prosecutions for violation of laws relating to forestry shall be brought under the direction of the Department of Forestry; all prosecutions for violation of the fish laws shall be brought under the direction of the Department of Fisheries; and all prosecutions for violations of the game laws shall be brought under the direction of the Board of Game Commissioners; and, to that end, the powers of all the officers aforesaid are hereby extended in such a way as to give them full authority to carry out the purposes of this act.... (emphasis added).

are powerless to overrule, notwithstanding the logic of AFSCME's position. Therefore, we must affirm.

## ORDER

The order of the Pennsylvania Labor Relations Board is affirmed.