**ORSATO-GUENON, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1995. Decided June 28, 1995. Amending Order June 30, 1995. Publication Ordered Sept. 8, 1995.

Ernest B. Orsatti, for petitioner.

Ronald H. Skubecz, Senior Deputy Attorney General, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Orsato-Guenon, Inc. (Taxpayer) appeals from an order of the Board of Finance and Revenue which denied Taxpayer's petition to review an assessment of corporate net income tax by the Department of Revenue.

The parties stipulated to the following facts. Taxpayer was incorporated as a Pennsylvania corporation on November 7, 1985, and was engaged in real estate activities until January 1, 1991. Taxpayer was owned by

four individual stockholders [1] until the corporation was dissolved on February 1, 1991.

When Taxpayer was incorporated it elected subchapter S status under the federal Internal Revenue Code [2] and filed the appropriate federal election form. However, Taxpayer failed to file the proper state forms for S corporation status for Pennsylvania tax purposes, under the mistaken belief that filing the federal S corporation election and checking the Pennsylvania S corporation block on the Pennsylvania Corporate Tax Report was sufficient.

On November 5, 1984, one year prior to Taxpayer's incorporation, the individuals who were stockholders of Taxpayer, purchased, in their individual names, an apartment building for the purpose of renting the property. Although the individuals intended to transfer title to this property to Taxpayer, this transfer was never made. Nevertheless, for the years 1985 through 1991, Taxpayer filed federal and Pennsylvania corporate tax returns treating the property as real estate owned by an S corporation, taking depreciation and other business tax deductions. For each of these years, Taxpayer filed a Pennsylvania corporate net income tax return, checking the block indicating that the filing was on behalf of an S corporation, and the four individual stockholders reported their interests in, and income from, Taxpayer on their individual personal income tax returns. For each of these tax years, Taxpayer reported *no income*; in fact it suffered losses.

On January 9, 1991, the real estate was sold, and title to the property was conveyed to the buyer by deed. On its 1991 federal corporate tax return, Taxpayer reported a net long term capital gain from the sale of the property, and the four individual shareholders paid federal and state personal income taxes based upon this income. However, Taxpayer's 1991 Pennsylvania corporate net income tax return did not show the sale of the property as a sale of a corporate asset because the individuals discovered that by oversight the title to the property had never been transferred from the individuals to the corporation. The Department of Revenue, in reviewing Taxpayer's filings, determined that it would treat the gain from the sale of the property as a gain from real estate owned by Taxpayer as a C corporation, rather than as real estate owned by the individuals. Accordingly, Taxpayer was assessed corporate net income tax in the amount of $10,440, plus penalties. In addition to the notice of tax settlement, the Department also mailed a notice which disallowed Pennsylvania S corporation status for the tax years 1985 through 1991 because Taxpayer failed to file the appropriate Pennsylvania S corporation election form for those years.

Taxpayer appealed, first to the Department's Board of Appeals, and subsequently to the Board of Finance and Revenue (Board). The Department's decision was affirmed by the Board, and Taxpayer's appeal was dismissed on the basis that Taxpayer "is estopped from denying ownership of the property ... on the grounds that [Taxpayer] consistently availed itself of the tax advantages attributable to such property throughout the period of its corporate existence." (Board of Finance and Revenue Opinion at 4.) This appeal followed.

■ Taxpayer's argument is that the doctrine of equitable estoppel should be applied and it should be treated as an S corporation, and further, the Board erred when it held that Taxpayer was "estopped" from arguing that it should be taxed as a C corporation because the corporation was not the actual title owner of the property. Taxpayer contends, therefore, that the assessment of a corporate net income tax was incorrect.[3]

■ The doctrine of equitable estoppel, while designed to prevent an unfair result,

---

1. These individuals were Ernest B. Orsatti, Ingrid Z. Orsatti, Harvey M. Ganong, and Patricia L. Ganong.

2. *See* Internal Revenue Code, 26 U.S.C. §§ 1361–79 (1994).

3. This Court's standard of review of decisions of the Board of Finance and Revenue is very broad. Although cases from the Board are addressed in our appellate jurisdiction, we function essentially as a trial court, ruling on the stipulation of facts made by the parties in this case. *Norris v. Commonwealth*, 155 Pa.Commonwealth Ct. 423, 625 A.2d 179 (1993).

nevertheless only applies when the following circumstances are present:

> the party sought to be estopped: 1) must have intentionally or negligently misrepresented some material fact, 2) knowing or having reasons to know that the other party would justifiably rely on the misrepresentation and 3) inducing the other party to act to his detriment because of his justifiable reliance on the misrepresentation.

*Yurick v. Commonwealth,* 130 Pa.Commonwealth Ct. 487, 497, 568 A.2d 985, 990 (1989).

■ We agree with the Board that this doctrine does not apply in this case. There is simply no evidence that Taxpayer was misled, or induced to change its position in any way. Moreover, the Commonwealth cannot be estopped from collecting taxes legally due because "of the failure of officials who, acting under a mistaken impression of the applicable law, either did not impose the taxes or compromised them for lesser amounts than were properly due." *Commonwealth v. Western Maryland Railway Co.,* 377 Pa. 312, 320, 105 A.2d 336, 340, *cert. denied,* 348 U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675 (1954).

■ There remains, however, an issue of fundamental fairness in this appeal. The Board applied a technical rule to Taxpayer by refusing to allow it S corporation status because a simple form was not filed, even though, in every other way Taxpayer evidently properly complied with the tax code. However, the Board refuses to apply to itself a similar "technicality" by deeming ownership of the real estate to a corporation, the taxpayer, which is not the owner, and not to the individuals who are the title owners. This type of selective application of the rules is simply unacceptable. The bottom line is that Taxpayer, the corporation, did not own the real estate in question. Thus, it had no income, and therefore it cannot be liable for any income tax. Furthermore, the individual taxpayers who owned the property did pay Pennsylvania personal income tax on their returns.[4]

Accordingly, it was clear error to assess a corporate net income tax on Taxpayer, and the order of the Board is reversed.

## ORDER

NOW, June 28, 1995, judgment is entered in favor of the Commonwealth. This order shall become final unless exceptions are filed within 30 days of entry of the order pursuant to Pa.R.A.P. 1571(i).

## AMENDING ORDER

NOW, June 30, 1995, the order entered in the above-captioned matter on June 28, 1995 is hereby amended to reflect that judgment is entered in favor of Petitioner, Orsato–Guenon, Inc. This order shall become final unless exceptions are filed within 30 days of entry of this order pursuant to Pa.R.A.P. 1571(i).

---

**4.** The Board contends that the individual taxpayers achieved an advantage because the corporation sustained losses every year except for the year in which the real estate was sold. The Board does not specify what this advantage was, and we note that rental losses and losses from the disposition of real estate cannot be used to offset income from compensation or the net profits from the operation of a business or profession, because losses in one class of income, as defined by *Section 303* of the *Tax Reform Code of 1971,* Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7303, cannot be used to offset a gain in another class of income. 61 Pa.Code § 121.13. Therefore, any paper or real loss suffered by or through the ownership of the apartment building could not have been used by the individual taxpayers to offset or reduce income or profit from any other source or endeavor. *See also* Section 307.9 of the Tax Reform Code, 72 P.S. § 7307.9 (the character of any loss or gain of the S corporation shall be determined as if such item were realized directly by the shareholder from the source from which it was realized by the corporation).