**DELAWARE COUNTY LODGE NO. 27, FRATERNAL ORDER OF POLICE, Delaware County Courthouse and Park Police, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided Feb. 19, 1997.

---

Gary M. Lightman, Harrisburg, for petitioners.

John B. Neurohr, Harrisburg, for respondent.

Timothy P. O'Reilly, Philadelphia, for intervenor, Delaware County.

Before PELLEGRINI and KELLEY, JJ., and MIRARCHI, Senior Judge.

MIRARCHI, Jr., Senior Judge.

Delaware County Lodge No. 27, Fraternal Order of Police, Delaware County Courthouse and Park Police (collectively, FOP) petition for review of an order of the Pennsylvania Labor Relations Board (PLRB) which dismissed the FOP's petition for representation based on its determination that the park police employed by Delaware County (the County) are not "police" within the meaning of the Act of June 24, 1968, P.L. 237, (Act 111), 43 P.S. §§ 217.1—217.10.

On April 26, 1995, the FOP filed a petition with the PLRB seeking to represent the Courthouse and Park Police of Delaware County for purposes of collective bargaining under Act 111.[1] On May 9, 1995, the County filed a motion to dismiss the petition on the basis that the FOP was collaterally estopped from filing the petition because the PLRB had previously dismissed a petition for representation filed by the FOP for the same employees.

On May 16, 1995, the FOP filed a reply requesting, *inter alia,* an opportunity to prove that a change of circumstances had occurred since the prior PLRB ruling. A hearing was held on July 25, 1995 and the County made a second motion to dismiss on the grounds that the Park Police were not legislatively authorized to act as police and therefore could not be classified as "police" under Act 111. On October 4, 1995, the hearing officer issued a proposed order of dismissal concluding that the Park Police were not police officers within the meaning of Act 111. On October 23, 1995, the FOP filed exceptions to the proposed order. On April 16, 1996 the PLRB issued a final order dismissing the exceptions and affirming the proposed order issued by the hearing examiner. The FOP now appeals to this Court.[2]

1. Pursuant to Section 1 of Act 111, 43 P.S. § 217.1, policemen employed by the Commonwealth or by one of its political subdivisions have the right to bargain collectively with their public employers concerning the terms and conditions of their employment including compensation, hours, working conditions, retirement pensions and other benefits.

2. Our scope of review of an order of the PLRB is limited to determining whether there was a viola-

On appeal, the FOP argues that (1) the PLRB erred in finding that the Park Police are not legislatively authorized to act as police officer under Act 111; (2) the PLRB arbitrarily and capriciously disregarded substantial evidence that the Park Police were effectively legislatively authorized to act as police officers based on the duties and assignment as required by the County; and, (3) the County is equitably estopped from denying that the Park Police are legislatively authorized to act as police officers within the meaning of Act 111 or that they so act.

■ While granting bargaining rights to police personnel in the Commonwealth, Act 111 fails to define who is or is not a policeman within the meaning of Act 111. *Commonwealth v. Pennsylvania Labor Relations Board*, 125 Pa.Cmwlth. 549, 558 A.2d 581 (1989). To establish whether or not certain employees are "police" within the meaning of Act 111, the PLRB and the courts apply a two-part test that requires the particular employees (1) be legislatively authorized to act as police, and (2) effectively act as police. *American Federation of State, County & Municipal Employees, Council 13 v. Pennsylvania Labor Relations Board*, 140 Pa. Cmwlth. 352, 593 A.2d 4 (1991).

■ The FOP first argues that the PLRB erred in finding that the Park Police are not legislatively authorized to act as police officers under Act 111. The FOP argues that the requisite legislative authority is found in various sections of the Second Class County Code (Code).[3] The FOP first cites Section 3033 of the Code, 16 P.S. § 6033, which provides:

> For purposes of performing all necessary duties relating to the establishing, making, enlarging, extending and maintaining public parks and for enforcing the rules and regulations ordained by the county commissioners for the conduct of the patrons thereof, the said county commissioners are hereby authorized to employ or appoint and equip proper persons to do all neces-

> sary and proper work connected therewith, including police duty, the compensation of all persons so employed to be fixed by the salary board of the county.

Section 3034 of the Code, 16 P.S. § 6034, further provides:

> It shall be the duty of the police appointed to duty in said public parks, without warrant, forthwith to arrest any offender against the rules and regulations ordained by the county commissioners that they may detect in the commission of such offense, and to take the person so arrested forthwith before a magistrate, alderman or justice of the peace having competent jurisdiction.

In *Fraternal Order of Police v. Pennsylvania Labor Relations Board*, 71 Pa.Cmwlth. 316, 454 A.2d 686 (1983), *aff'd per curiam*, 502 Pa. 541, 467 A.2d 323 (1983), this Court considered whether the Pennsylvania Liquor Control Board's enforcement officers were "police" for purposes of Act 111. This Court determined that the enforcement officers were only empowered to enforce the limited area of liquor laws and that their powers and duties did not extend to enforcement of all the laws of the Commonwealth. The Court held that, in view of the statutorily limited powers of the enforcement officers, they were not police within the meaning of Act 111.

Similarly, in *Venneri v. County of Allegheny*, 12 Pa.Cmwlth. 517, 316 A.2d 120 (1974), deputy sheriffs of the County of Allegheny sought to engage in collective bargaining under Act 111. On appeal to this Court, the deputy sheriffs relied upon provisions of the Code as providing authorization for them to act as "police" for purposes of Act 111. This Court determined that the Code does not refer to any duties of sheriffs which pertain to general police work or criminal investigation. The Court pointed out that "[w]hen the Legislature has chosen to vest a group with policeman powers and duties, it has done so with a fair degree of specificity." *Id.* at 125.

---

tion of constitutional rights, an error of law or whether the PLRB's findings of fact are supported by substantial evidence. *Salisbury Township v. Pennsylvania Labor Relations Board*, 672 A.2d 385 (Pa.Cmwlth.1996).

3. Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §§ 3101—6302.

In the case before us, Sections 3033 and 3034 authorize the park police to enforce the rules and regulations established by the county commissioners. As in *Fraternal Order of Police* and *Venneri*, there is no specific statutory authorization for the park police to enforce all the laws of the Commonwealth.

The FOP next argues that the park police were effectively legislatively authorized to act as police based upon their duties, authority and assignments as required and granted by the County. The FOP contends that an examination of the duties performed by the park police shows that they are treated by the County as "police" in all matters except those relating to collective bargaining under Act 111.

■ The test applied by the PLRB and this Court to determine whether an employee is a "police" officer for purposes of Act 111, is a conjunctive test which requires that both prongs be satisfied. An inquiry into the duties performed by certain employees is necessary only after it has been established that the employees have been legislatively authorized to act as police. *County of Allegheny v. Hartshorn*, 9 Pa.Cmwlth. 132, 304 A.2d 716 (1973), cited by the FOP for the proposition that the definition of the term "policemen" must be resolved after full consideration of the particular factual posture presented to the court, is inapposite. In that case, the Court examined the duties of county detectives only after determining that Section 1440(b) of the Code, 16 P.S. § 4440(b), authorized them to act as general police officers and granted them all the powers then conferred on constables relating to crime or criminal procedure.

■ Finally, the FOP argues that the County is equitably estopped from denying that the park police are legislatively authorized to act as police within the meaning of Act 111.[4] The FOP argues that the County, by its acts or silence, induced the park police to believe that they are "police" officers within the meaning of Act 111.

■ The doctrine of equitable estoppel only applied where the party sought to be estopped (1) has intentionally or negligently misrepresented some material fact; (2) knows or has reason to know that the other party would justifiably rely on that misrepresentation; and (3) has induced the other party to act to his detriment because of his justifiable reliance on the misrepresentation. *Orsato–Guenon, Inc. v. Commonwealth*, 665 A.2d 520 (Pa.Cmwlth.1995). The elements of estoppel must be proven by clear and convincing evidence, with the critical elements being misrepresentation and justifiable reliance. *Carpenter & Carpenter v. City of Johnstown*, 146 Pa.Cmwlth. 274, 605 A.2d 456 (1992). It is well established that the party who maintains the existence of certain facts bears the burden of proving those facts. *Hughes v. Public School Employees' Retirement Board*, 662 A.2d 701 (Pa.Cmwlth.1995).

We do not believe that the doctrine of equitable estoppel applies in this case. The FOP has not established that the park police relied to their detriment, or changed their position in any way, based on a misrepresentation by the County.

The order of the PLRB is affirmed.

### *ORDER*

AND NOW, this 19th day of February, 1997, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.

---

4. The PLRB and the County, as intervenor, argue that the FOP has waived this argument by not raising it at any stage of the proceedings before the PLRB. We have reviewed the FOP's exceptions to the proposed order and decision of the hearing officer and conclude that the FOP has sufficiently preserved the issue for appeal.