**CAMBRIA COUNTY DEPUTY SHERIFFS ASSOCIATION,**
Petitioner,

v.

**PENNSYLVANIA LABOR RELATIONS BOARD,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued May 6, 2002.

Decided June 4, 2002.

Sean T. Welby, Harrisburg, for petitioner.

John B. Neurohr, Harrisburg, for respondent.

Robert S. Brierton, Johnstown, for intervenor, Cambria County.

BEFORE: McGINLEY, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The Cambria County Deputy Sheriffs Association (Association) petitions for review of the October 16, 2001 order of the Pennsylvania Labor Relations Board (PLRB) that confirmed dismissal of the Association's petition for representation.

As the interested party, the Intervenor is Cambria County (County). The Association asks us to revisit the issue of whether deputy sheriffs are police officers for purposes of collective bargaining under Act 111[1] in light of some recent Vehicle Code[2] cases. We affirm.

On May 25, 2001, the Association filed a petition for representation with the PLRB requesting to represent a unit consisting of all full-time and regularly scheduled part-time "police officers," including but not limited to the Chief Deputy, First Deputy and deputy sheriffs employed by the Sheriff's Department. Further, the Association requested that all managerial employees be excluded. The Association sought representation of the above-described unit under Act 111 and the Pennsylvania Labor Relations Act (PLRA).[3]

Currently, the employees in the proposed unit are represented by the Pennsylvania Social Services Union, Local No. 668, Service Employees International Union, AFL–CIO, CLC (PSSU). The deputies are part of a bargaining unit established under the Public Employe Relations Act (PERA),[4] which consists of all full-time and regularly part-time non-professional, non-supervisory, court-related employees working in the offices of the Sheriff, Prothonotary, Register of Wills, Clerk of Courts and Juvenile Detention Home. It excludes all management level employees, supervisors, first-level supervisors, confidential employees and guards. In addition, the deputies' wages and benefits are set forth in a collective bargaining agreement between the County and the PSSU, which expired on December 31, 2001.

In a letter dated June 22, 2001, the Secretary of the PLRB dismissed the petition for representation on the grounds that deputy sheriffs are not "police" within the meaning of Act 111. The Association filed timely exceptions to the dismissal letter on July 11, 2001.

On October 16, 2001, the PLRB dismissed the exceptions and made the Secretary's decision declining to direct a hearing on the petition for representation absolute and final. In so determining, the PLRB concluded that the deputy sheriffs were not police officers for purposes of collective bargaining under Act 111. The Association's timely petition for review to this Court ensued.

■ The narrow issue before us is whether the PLRB erred in dismissing the Association's petition for representation on the grounds that deputy sheriffs are not police officers within the meaning of Act 111. On review, we are limited to determining whether there was a violation of constitutional rights, error of law or whether the necessary findings of fact are supported by substantial evidence. *Delaware County Lodge No. 27, Fraternal Order of Police v. Pennsylvania Labor Relations Board,* 690 A.2d 754 (Pa.Cmwlth. 1997).

In *Venneri v. County of Allegheny,* 12 Pa.Cmwlth. 517, 316 A.2d 120 (1974) and *Allegheny County Deputy Sheriff's Ass'n v. Pennsylvania Labor Relations Board,* 95 Pa.Cmwlth. 132, 504 A.2d 437 (1986), this Court declined to hold that deputy sheriffs should be covered by Act 111. In the present case, the Association argues that the Supreme Court in two Vehicle Code cases, *Commonwealth v. Leet,* 537

---

1. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1—217.10.

2. 75 Pa.C.S. §§ 101–9805.

3. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13.

4. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

Pa. 89, 641 A.2d 299 (1994) and *Department of Transportation, Bureau of Driver Licensing v. Kline*, 559 Pa. 646, 741 A.2d 1281 (1999), overruled *Venneri* and *Allegheny County Deputy Sheriff's Ass'n*.

In response, the County argues that *Venneri* and *Allegheny County Deputy Sheriff's Ass'n* are still binding and that neither *Kline* nor *Leet* indicate that there is any new legislative authority for deputy sheriffs to act as police officers. To elucidate why we conclude that the PLRB did not err in determining that deputy sheriffs are still not police officers under Act 111, we outline below the issues and holdings of all four cases.

In *Venneri*, the deputy sheriffs of Allegheny County filed a complaint in mandamus seeking to compel the county to appoint an arbiter in compliance with Act 111. Ultimately, the trial court determined that the deputy sheriffs were court-related employees and, therefore, subject to PERA. The sole issue before this Court was whether the deputy sheriffs were police officers within the meaning of Act 111.

This Court affirmed the trial court, noting that "[e]ven a cursory legislative review leaves no doubt that the bulk of legislation dealing with the sheriff pertains to court related activities." *Id.* at 126. Further, we noted that "there was sufficient substantial evidence to permit the court below to determine that the deputy sheriffs of Allegheny County are so directly involved with and necessary to the courts of Allegheny County, that they are not policemen within the intent of Act 111, but would appear to be 'court-related' personnel within the intent of [PERA]." *Id.* at 127. Finally, we pointed out that deputy sheriffs were not required to render police services such as investigation of criminal activity for all of the citizens of Allegheny County in the same way that a citizen could demand such services from a police officer.

In *Allegheny County Deputy Sheriff's Ass'n*, this Court considered whether any changes had occurred since *Venneri* which would alter our conclusion that deputy sheriffs were not police officers for purposes of Act 111. We noted that, since *Venneri*, the sheriff's office had continued to perform the same police-type functions, with the new additions of public safety programs, undercover work with a drug enforcement task force and undercover work with a related homicide investigative unit. Ultimately, however, we concluded that these new responsibilities were not sufficient in either quality or quantity to justify a conclusion that the deputy sheriff's status rose to the level of a police officer under Act 111. Thus, we affirmed the PLRB's dismissal of the Association's petition for investigation and certification of representatives under Act 111.

In *Leet*, the Supreme Court considered the issue of whether a deputy sheriff from Armstrong County had authority in Pennsylvania to make a warrantless arrest for motor vehicle violations committed in his presence. (In the trial court, Leet had moved to suppress all physical evidence obtained by the municipal police officer following the deputy sheriff's allegedly unauthorized stop and detention of Leet.)

The Supreme Court held that the common law powers of the sheriff include the power to enforce the Vehicle Code and that such powers have not been abrogated by statute or otherwise. "Indeed, such powers are so widely known and universally recognized that it is hardly necessary to cite authority for the proposition." *Id.*, 537 Pa. at 95, 641 A.2d at 303. The Court went on to state that "sheriffs have had the power and duty to enforce the laws since before the Magna Carta." *Id.*, 537 Pa. at 96, 641 A.2d at 303. The Court

additionally found, however, that a sheriff or deputy sheriff would be required to complete the same type of training that is required of police officers throughout the Commonwealth. Thus, it remanded the case for a finding as to whether the deputy sheriff had completed the appropriate law enforcement training.

Highly relevant to the case before us, the *Leet* Court in a footnote stated as follows:

> The issue of the status of a sheriff or deputy sheriff in labor relations law, specifically under Act 111 ... is not presented in this case. Whether a sheriff is a "policeman" entitled to compulsory binding arbitration under Act 111, as addressed in *Venneri* ..., is a question not determined by the sheriff's arrest powers and is a question we do not address in this case.

*Id.,* 537 Pa. at 95 n. 3, 641 A.2d at 303 n. 3.

In *Kline,* the Supreme Court granted a petition for allowance of appeal to determine whether a Clinton County deputy sheriff, who had completed the deputy sheriff's basic training course, the driving while under the influence modules given to municipal police officers under Act 120,[5] and training in field sobriety test administration, qualified as a "police officer" for purposes of enforcing the Vehicle Code under the rationale of the Court's holding in *Leet.* The Court determined that, even though the deputy sheriff did not receive the exact same training as a municipal police officer would have received pursuant to Act 120, he completed the same type of training that was required by *Leet* for purposes of enforcing the Vehicle Code. Thus, the Court concluded that the deputy sheriff at issue was authorized to enforce the Vehicle Code. Having set forth in some

detail the issues and holdings of the four cases at issue, we turn to the specific arguments of the parties.

The Association argues that the current state of the law has changed and that the Supreme Court has definitively recognized that deputies are "authorized" police officers under Pennsylvania statutes, the only additional requirement being training and certification. It asserts that this statutory training authorizes deputies, with their common law powers, to perform those functions that the legislature has specifically designated for police officers. If there are any questions concerning that training, the Association maintains that such issues should be resolved in a factual presentation to the PLRB.

The Association contends that the Secretary denied it the opportunity to present evidence as to training and certification in the present case. Thus, it requests that this Court reverse the final order of the PLRB and remand the case for a hearing on the issue of whether the proposed unit of police officers actually performs the functions of police officers within Act 111.

The County argues that the Secretary properly found that the cases cited by the Association fail to indicate any new legislative authority for deputy sheriffs to act as police officers and fail to otherwise indicate that *Venneri* and *Allegheny County Deputy Sheriff's Ass'n* are no longer binding precedent. The County points out that neither *Kline* nor *Leet* involved Act 111 and that the Supreme Court in *Leet* specifically indicated that case's inapplicability to Act 111.

Moreover, the County contends that the PLRB acted consistently with valid prece-

---

**5.** Act 120, formerly the Act of June 18, 1974, P.L. 359, 53 P.S. §§ 740–749.1, was repealed and replaced by the Act of December 19, 1996, P.L. 1158. Similar provisions are now found at 53 Pa.C.S. §§ 2161–2171.

dent. It notes that this Court in the 1997 case of *Delaware County Lodge No. 27* quoted *Venneri* with approval when it dismissed the Fraternal Order of Police's argument that park police were legislatively authorized to act as police officers under the Second Class County Code.[6]

 This Court agrees with the County that the PLRB did not err in determining that *Kline* and *Leet* do not change the state of the law. Although not specifically set forth in earlier cases involving the issue of who is or is not a police officer within Act 111, "the PLRB and the courts apply a two-part test that requires the particular employees (1) be legislatively authorized to act as police, and (2) effectively act as police." *Delaware County Lodge No. 27*, 690 A.2d at 756.

Here, the PLRB concluded that the Association's reliance on *Kline* and *Leet* was misplaced because, even though the Court in those cases once again recognized the common law authority of deputy sheriffs to make arrests, it failed to discover any legislative authority empowering them to act as police officers. In addition, the PLRB also cited the above-quoted footnote in *Leet* where the Supreme Court specifically stated that the issue of the status of a sheriff or deputy sheriff under Act 111 was not presented and that "[w]hether a sheriff is a 'policeman' entitled to compulsory binding arbitration under Act 111, as addressed in *Venneri* ... is a question not determined by the sheriff's arrest powers." *Leet*, 537 Pa. at 95 n. 3, 641 A.2d at 303 n. 3.

The PLRB thus concluded that, because the Association presented no statutory authorization subsequent to *Venneri* and *Allegheny County Deputy Sheriff's Ass'n* for deputy sheriffs to act as police officers, "those cases compel the conclusion that

deputy sheriffs are not police for purposes of collective bargaining under Act 111." (PLRB's Final Order at 2.) We agree and, accordingly, affirm.

### *ORDER*

AND NOW, this 4th day of June, 2002, the October 16, 2001 order of the Pennsylvania Labor Relations Board is hereby AFFIRMED.

---

**6.** Act of July 28, 1953, P.L. 723 *as amended,*  16 P.S. §§ 3101–6302.